# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL WHITEHEAD, | ) |
|     Plaintiff, | ) Civil Action No. 3:14-cv-00051 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| JOHN E. WETZEL, Secretary, Commonwealth of Pennsylvania, Department of Corrections, et al., | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a "Motion for Rule 60 Motion for Relief from Judgment" filed by Plaintiff, Carl Whitehead ("Whitehead") (ECF No. 62). Whitehead asks the Court to reconsider its Order of December 9, 2014, in which his motion for his own physical examination was denied.

### Standard of Review

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli,* 337 F.3d 282, 28 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,

*Pierce v. Assoc. Inc. v. Nemours Found.,* 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli,* 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided.

Whitehead seeks reconsideration of the Court's prior order under Federal Rule of Civil Procedure 60. The ruling by which this Court denied Whitehead's Motion for Physical Examination is a non-dispositive pretrial matter. Therefore, the Court will deem the motion as filed pursuant to Rule 59(e).

**Discussion**

Plaintiff seeks another review of the merits of his motion for physical examination. He has offered no new reasons for the Court to do so. The Court finds no basis to change its ruling as Whitehead has not convinced the Court that reconsideration of its December 9, 2014, Order is appropriate.

Rule 35 empowers a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitable licensed or certified

2

examiner." Fed. R. Civ. P. 35(a)(1). The federal courts have held, however, that this Rule does not allow a party, even an indigent or prisoner, to seek his own examination. *Smith v. Carroll,* 602 F. Supp. 2d 521, 525 (D. Del. 2009). It is quite settled that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003). Instead, "[t]he language in Rule 35 authorizing courts to order a party to 'produce for examination a person who is in its custody or under its legal control' allows courts to compel a parent, guardian or other person suing to recover injuries to a minor or other person under his or her control to produce such minor or other person on the motion of an opposing party; it is not intended for a situation where a prisoner-plaintiff wishes an examination of himself." *Paiva v. Bansal*, 2011 WL 1595425, at *1 (D.R.I.Apr.27, 2011) (quoting Fed.R.Civ.P. 35(a)(1)) (emphasis added, citations omitted). Whitehead is not entitled to an order for his own medical examination under Fed.R.Civ.P. 35 even as a prisoner.

Whitehead continues to advance the same arguments that he made in his original motion and has not provided any basis for the Court to reconsider his Motion for Physical Examination. He has made no showing of error of law or otherwise in the Court's prior order. For the reasons previously stated, as supplemented herein, Whitehead as no right to an order for an independent physical examination under Federal Rule of Civil Procedure 35.

**ORDER OF COURT**

**AND NOW,** this 12th day of January, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion for Reconsideration is **DENIED**.

3

**AND IT IS FURTHER ORDERED** that Whitehead is allowed fourteen (14) days from this date to appeal this order to a district judge pursuant to Local Rule 72 C.2. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal.

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: CARL WHITEHEAD
EK 5805
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. First Class Mail)

Timothy Mazzocca
Office of Attorney General
(via ECF electronic notification)