# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL WHITEHEAD, )
      )    Civil Action No. 3:14-cv-00051
     Plaintiff, )
      )    United States District Judge
v. )   Kim R. Gibson
      )
JOHN E. WETZEL, Secretary, )   United States Magistrate Judge
Commonwealth of Pennsylvania, )   Cynthia Reed Eddy
Department of Corrections, et al., )
      )
     Defendants. )

## MEMORANDUM OPINION

Before the Court is an appeal (ECF No. 63) filed by Plaintiff Carl Whitehead ("Whitehead" or "Plaintiff") requesting review of the magistrate judge's Text Order dated December 9, 2014 (the "Order"), which denied Whitehead's Motion for Physical Examination. Upon review of the matters raised by the appeal, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

## Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the magistrate judge's December 9, 2014 Text Order is nondispositive because it addresses a discovery dispute and "[i]t is well-established that a magistrate judge's ruling concerning discovery is non-dispositive." *V. Mane Fils S.A. v. Int'l Flavors & Fragrances,* No. 06-2304, 2011 WL 1344193, at *4 (D.N.J. Apr. 8, 2011). Accordingly, the magistrate judge's Order will not be disturbed unless it is found to be clearly erroneous or contrary to law.

A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)). This standard is difficult and becomes even more difficult when the appeal involves a discovery decision. "There is particularly broad deference given to a magistrate judge's discovery rulings." *Farmers & Merchants Nat. Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). A magistrate judge's discovery ruling "is reversible only for abuse of discretion." *Kresefky v. Panasonic Communications & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998). The deferential standard is particularly appropriate in the case where the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings. *Id.* at 127.

**Discussion**

Upon review of the record in this matter, the Court finds that the decision of the magistrate judge to deny Whitehead's discovery request was neither clearly erroneous nor contrary to law. Rule 35 empowers a court to "order a party whose mental or physical condition . . . is in controversy to

2

submit to a physical or mental examination by a suitable licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Federal courts have held, however, that this Rule does not allow a party, even an indigent or prisoner, to seek his own examination. *Smith v. Carroll,* 602 F. Supp. 2d 521, 525 (D. Del. 2009). It is quite settled that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States,* 74 F. App'x 611, 614 (7th Cir. 2003). Instead, "[t]he language in Rule 35 authorizing courts to order a party to 'produce for examination a person who is in its custody or under its legal control' allows courts to compel a parent, guardian or other person suing to recover injuries to a minor or other person under his or her control to produce such minor or other person on the motion of an opposing party; it is not intended for a situation where a prisoner-plaintiff wishes an examination of himself." *Paiva v. Bansal*, 2011 WL 1595425, at *1 (D.R.I.Apr.27, 2011) (quoting Fed.R.Civ.P. 35(a)(1)) (emphasis added, citations omitted). Whitehead is not entitled to an order for his own medical examination under Fed.R.Civ.P. 35 even as a prisoner.

For the reasons stated above, the Court finds that Whitehead did not show that the magistrate judge's rulings were clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal is **DENIED**.

It is so ordered.

Dated: January **30**, 2015

Kim R. Gibson
United States District Judge

3

cc:    CARL WHITEHEAD
EK 5805
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. First Class Mail)

Timothy Mazzocca
Office of Attorney General
(via ECF electronic notification)