# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL WHITEHEAD, ) | |
| ) | Civil Action No. 3:14-cv-00051 |
| Plaintiff, ) | |
| ) | United States Magistrate Judge |
| v. ) | Cynthia Reed Eddy |
| ) | |
| JOHN E. WETZEL, Secretary, ) | |
| Commonwealth of Pennsylvania, ) | |
| Department of Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Carl Whitehead, an inmate currently confined at the State Correctional Institution at Somerset, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint is thirty-five pages in length and names twenty-eight defendants, most of whom are officials and/or employees or medical providers at SCI-Somerset or officials with the Department of Corrections. Whitehead alleges violations of his rights under the First, Eighth, and Fourteenth Amendments, as well as violations of 42 U.S.C. §§ 1983, 1985, 1986, and the Pennsylvania Constitution.

In the Complaint, Whitehead sets forth by numbered paragraphs incidents which allegedly occurred during the time period from July 2012 through mid-June 2013. The claims include allegations of never receiving commissary items which he had purchased (Claim 1), denial of access to courts (Claims 2 and 6), Breach of Fiduciary Duty (Claim 3), theft and destruction of personal property (Claim 4), retaliation (Claims 5 and 8), and deliberate indifference to serious medical needs (Claims 7 and 8). For the reasons that follow, because Whitehead's claims do not satisfy the requirements for permissive joinder pursuant to Federal

Rule of Civil Procedure 20(a), he will be given the opportunity to file an amended complaint which must comport with the requirements of Rule 20. Failure to file an amended complaint will result in a recommendation of dismissal of all claims with the exception of the first count set forth in his complaint on the basis that the complaint does not comport with the requirements of Rule 20.[1]

**Discussion**

Federal Rule of Civil Procedure 20(a)(2) defines the limits of defendants that can be joined to a single action when: "(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *Salley v. Wetzel*, 2013 WL 3157588 (M.D.Pa. 2013), *aff'd*, 565 F. App'x 77 (3d Cir. 2014). "However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Id*. at *3 (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007)).

The instant complaint names twenty-eight (28) defendants and contains numerous claims as set forth above. Many of the claims alleged by Whitehead address different matters including, *inter alia*, retaliation, inadequate medical care, and denial of access to the courts. There is no indication that the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, or have a question of law or fact common to all defendants.

---

[1] Should Whitehead submit an Amended Complaint which still violates Rule 20(a), the

Rule 20 is a flexible rule that allows for fairness and judicial economy:

Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d at § 1662 at 395.

"Instead of developing one generalized test for ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case-by-case approach." *Id*. at § 1653 at 409. When the district court decides whether the particular facts warrant joinder, its decision is subject to review only for abuse of discretion. *Salley,* 565 F. App'x at 77 (3d Cir. 2014) (citing *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009)).

There is no indication that the majority of Whitehead's array of claims share either common law or common fact and, accordingly, they are inappropriate for joinder under Rule 20. A careful reading of his allegations shows that the only common thread they appear to share is that they allegedly occurred while he was incarcerated at SCI-Somerset and that Whitehead challenges the mandatory $5.00 medical co-pay that has been deducted from his Inmate Account on several occasions. Otherwise, the majority of claims appear unrelated and as such, do not satisfy the elements of joinder.

There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA"), substantially changed the judicial treatment of

---

Court will proceed on the first count in the amended complaint.

civil rights actions by state and federal prisoners. One major change was that pursuant to the PLRA, the full filing fee ultimately must be paid, at least in a non-habeas action. In being permitted to combine in one complaint a plethora of separate, independent claims, Whitehead is able to circumvent the filing fee requirements of the PLRA.

Based on the foregoing, and in the interests of justice to this pro se litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Whitehead will be granted twenty (20) days within which to submit an amended complaint which satisfies Rule 20. He is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Additionally, it must establish the existence of actions by defendants which have resulted in constitutional deprivations.

Whitehead is again advised that the failure to file an amended complaint will result in the court recommending that all counts from the original complaint be dismissed, with the exception of the first count,[2] for failure to comply with Rule 20. If Whitehead does file an amended complaint which still fails to comply with Rule 20, the court will proceed only on the first count of the amended complaint.

Additionally, the pending motions to dismiss filed by Defendants (ECF Nos. 50 and 53) are hereby dismissed without prejudice to refiling same after the amended complaint is filed.

---

[2] Count 1 in the complaint contains Whitehead's claim that he purchased $100.08 of products from the commissary, but he never received them. The only defendants named in count one are Lieutenant Kasterko, Superintendent Rozum, and Chief Grievance Coordinator Varner. Whitehead is advised that this claim may be subject to dismissal as it does not appear to state a cognizable constitutional claim.

## ORDER OF COURT

**AND NOW**, this 6th day of August, 2015, in accordance with the foregoing Memorandum, it is hereby **ORDERED** as follows:

1. Plaintiff is granted until **August 31, 2015** to file an amended complaint which satisfies Rule 20 of the Federal Rules of Civil Procedure. Failure to file an amended complaint will result in the court recommending that all counts from the original complaint be dismissed, with the exception of the first count, for failure to comply with Rule 20.

2. Defendants' motions to dismiss (ECF Nos. 50 and 53) are hereby dismissed without prejudice to refiling same after the amended complaint is filed.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: CARL WHITEHEAD
EK 5805
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. First Class Mail)

Timothy Mazzocca
Office of Attorney General
(via ECF electronic notification)

Samuel H. Foreman
Weber Gallagher Simpson Stapleton Fires & Newby
(via ECF electronic notification)