IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL WHITEHEAD, | ) | |
| | ) | Civil Action No. 14-51-J |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Kim R. Gibson |
| | ) | |
| JOHN E. WETZEL, et al., | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |

**REPORT & RECOMMENDATION**

**I.   RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the pending "Motion for Temporary Restraining Order and/or Injunctive Relief from Harassment" filed by *pro se* Plaintiff Carl Whitehead (ECF No. 117) be denied as moot.

**II   REPORT**

This is a *pro se* prisoner civil rights action initiated under 42 U.S.C. § 1983 in which Plaintiff is claiming that Defendants violated the First and Eighth Amendments to the United States Constitution. *See* (ECF Nos. 85, 91, 94, 96). On December 12, 2016, Plaintiff, who is currently incarcerated at SCI-Somerset, filed the pending motion for TRO and/or injunctive relief from harassment (ECF No. 117, hereafter "motion").[1] Plaintiff claims in the motion that he was given a kitchen job in dietary on November 23, 2016, but on November 29, 2016, he was informed that he could no longer work in that unit. Attached to his motion are multiple requests that he submitted to a captain and dietary lieutenant at SCI-Somerset after he was removed from

---

[1]   The parties have also filed several pending motions for summary judgment (ECF Nos. 101, 107, 110, 111), which will be addressed by the Court at a subsequent date.

1

the job in dietary. He asserts in the motion and the attachments that the removal from the job in dietary was harassment, and that he is concerned that he will be prevented from returning to his previous "block job," which he left when he accepted the job in dietary. He also complains in the motion that the dietary job that he was removed from pays almost twice as much as the block job. The motion requests relief in the form of an order restraining Defendants from removing Plaintiff from his institutional employment and an order preventing Defendants from harassing and punishing Plaintiff in the future based on the accusations that an unknown dietary employee had asserted against Plaintiff.

On December 29, 2016, Defendants responded to the motion by stating,

> The facts in the case are as follows: In the past, plaintiff was accused of stalking one of the female dietary instructors and was removed from his job in dietary for that reason. Inadvertently he was placed back on the dietary employment list and was hired. The staff member who had reported the stalking saw him and reported the situation. Plaintiff was immediately removed from the dietary job and returned to his previous job as a block worker. He never lost any money.
>
> Defense counsel spoke this morning with plaintiff on the phone. Plaintiff reported that he had reached an agreement with SCI-Somerset about his employment, and although he was not withdrawing the Motion for a Temporary Restraining Order, he considered the situation resolved. Accordingly, defendants believe that plaintiff's Motion is moot and ask that it be denied as such…

(ECF No. 121).

Plaintiff submitted a reply brief that was received and filed in this Court on January 25, 2017. (ECF No. 123). Plaintiff devotes the majority of his reply brief to arguing that defense counsel's statement in the response brief that Plaintiff was "stalking" a female instructor in dietary constitutes the tort of libel, as well as a false report to law enforcement under Pennsylvania law. He requests that any such statements relating to stalking be stricken from the

record in this case and his institutional file at SCI-Somerset, and that the Court impose sanctions on defense counsel and Defendants, or alternatively, hold a "full hearing" on the issue to allow him to call witnesses to prove that he was not stalking. Initially, the Court notes that it is inappropriate to attempt to expand the scope of the pending motion by making these numerous additional requests in a reply brief. Pursuant to Fed.R.Civ.P. 7(b), such relief must be requested via separate motion(s). *See Int'l Bhd. of Elec. Workers Local Union No. 380 Health & Welfare Fund v. Travis Elec., Inc.*, 2008 WL 2954751, at *6 (E.D. Pa. 2008). In any event, the Court concludes that even if Plaintiff had properly raised these issues, they are all without merit.[2]

The Court may also summarily reject Plaintiff's contention in his reply brief that the motion is not moot because Defendants are engaging in ongoing harassment by continuing to make false statements about Plaintiff relating to stalking. The only ongoing false statement identified by Plaintiff is the statement by defense counsel in response to Plaintiff's motion. This is simply insufficient to prevent the motion from being denied as moot. Notably, although he disputes that his motion is moot, Plaintiff admits in his reply brief that he "did reach agreement [at SCI-Somerset] concerning institutional employment," which was the basis for his motion, and

---

[2] Plaintiff's request to strike a statement in a legal brief is without merit because Fed.R.Civ.P. 12(f) does not apply to legal briefs. *See* Wright & Miller, et al., 5C Federal Practice & Procedure, § 1380 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."). Additionally, defense counsel's statement in the response brief involving this disputed fact of stalking does not rise to the level of sanctionable conduct. *Cf. Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 391 (3d Cir. 2016) (holding that the district court did not abuse its discretion in denying a motion for sanctions under Rule 11 that involved disputed facts). Finally, because, as discussed in the following footnote, Plaintiff is not entitled to a job in dietary, he is likewise not entitled to a full hearing on the issue of whether he actually stalked a female instructor in dietary, an issue which is outside the scope of his underlying allegations and claims in this lawsuit.

he does not deny Defendants' assertion in the response brief that Plaintiff stated that "he considered the situation resolved."

A motion becomes moot when an intervening event makes it is impossible for a court to grant the requested relief. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). In this regard, a motion for injunctive relief is moot when the parties reach an agreement relating to the allegations supporting the motion. *See Weatherbee ex rel. Vecchio v. Richman*, 595 F.Supp.2d 607, 609 n. 2 (W.D. Pa. 2009); *see also Preservation Pittsburgh v. Conturo*, 477 Fed. App'x 918, 920 (3d Cir. 2012) (noting that courts routinely dismiss requests for injunctive relief as moot when the alleged harm has passed). Here, the parties agree that the issue involving Plaintiff's institutional employment, which is the basis for the motion, has been resolved. Accordingly, the motion should be denied as moot.[3]

---

[3] Alternatively, to the extent that the agreement reached between Plaintiff and SCI-Somerset regarding his institutional employment did not render the entirety of the motion moot, the Court notes that Plaintiff has failed to carry his heavy burden in establishing that he is entitled to the extraordinary remedy of injunctive relief in the prison context. He has failed to demonstrate that he is likely to succeed on the merits. Even if the stalking allegations are unsubstantiated, Plaintiff has not established that he is entitled to the specific job in dietary. *See James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) ("Traditionally, prisoners have had no entitlement to a specific job, or even to any job."); *Banks v. Rozum*, 2015 WL 1186224, *17 (W.D. Pa. 2015) ("With regard to Plaintiff's allegations about the loss of his prion job, presumably without due process, he has failed to state a claim because there is no constitutionally protectable interest in maintaining prison employment."). Moreover, he cannot establish irreparable harm with respect to his complaints that an inmate can earn substantially more money in dietary as compared to block employment. Even if he was entitled to a job in dietary (which he is not), economic loss does not, by itself, constitute irreparable harm. *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Additionally, Plaintiff has failed to come forward with sufficient facts for the Court to conclude that he is in fact being subjected to ongoing harassment. As discussed above, his only specific allegation of ongoing harassment is defense counsel's statement in the response brief that Plaintiff previously stalked a female instructor in dietary and was later removed from the job for that reason after it was discovered that he was inadvertently rehired in dietary. The Court rejects the notion that such a statement by an attorney in a legal brief constitutes ongoing harassment or irreparable harm sufficient to justify the granting of such extraordinary relief. Moreover, to the extent that Plaintiff claims these statements involving stalking have harmed his reputation and constitute libel, he has not established irreparable harm, as he has failed to

## III. CONCLUSION

Based on the foregoing, it is respectfully recommended that Plaintiff's motion (ECF No. 117) be denied as moot. Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 72(b)(2), and LCvR 72.D.2, Defendants' Objections are due by **February 9, 2017**. Because service of this Report and Recommendation is being made on Plaintiff via mail, Plaintiff's Objections are due by **February 13, 2017**. *See* Fed.R.Civ.P. 6(d). The parties are cautioned that failure to file Objections within this timeframe "*will* waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011) (emphasis in original).

Dated: January 26, 2017.                    By the Court:

                                                                             s/ Cynthia Reed Eddy
                                                                             Cynthia Reed Eddy
                                                                             United States Magistrate Judge


cc: **Carl Whitehead**
      EK 5805
      SCI Somerset
      1600 Walters Mill Road
      Somerset, PA 15510

      All registered counsel via CM-ECF

---

demonstrate that the purported impairment to his reputation is "of a peculiar nature, so that compensation in money cannot atone for it." *Morton v. Beyer*, 822 F.2d 364, 372-73 & n. 13 (3d Cir. 1987) (internal marks omitted); *see also Mzamane v. Winfrey*, 693 F.Supp.2d 442, 471 (E.D. Pa. 2010) ("The purpose underlying defamation law is to compensate an individual for pecuniary harm to one's reputation inflicted by a defamatory statement."). Nor has Plaintiff established the final two factors that must be satisfied in order for a court to grant the requested injunctive relief: balance of the harm between the parties or that the injunction is in the public interest. Therefore, in addition to being moot, Plaintiff's motion for preliminary injunction is clearly deficient as a matter of law.